ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 11 2007
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| ZINNA PLUMBING § | CASE NO. 05-87117-BJH-7 |
| § | |
| Debtor. § | |
| § | |
| JAMES W. CUNNINGHAM, § | |
| TRUSTEE, § | |
| § | ADVERSARY NO. 07-3268 |
| Plaintiff, § | |
| - against - § | |
| ASHTON DALLAS RESIDENTIAL, §| |
| L.L.C., § | 3:07 cv 1958-L |
| Defendant. § | |

## REPORT AND RECOMMENDATION TO DISTRICT COURT
## FOR DISTRICT COURT CASE NO. 3:07-CV-1958-L

On September 19, 2007, James W. Cunningham, the Chapter 7 Trustee ("Trustee) of the estate of Zinna Plumbing ("Zinna") filed a complaint against Ashton Dallas Residential, L.L.C. ("Ashton"), thereby commencing the above-captioned adversary proceeding. The complaint seeks recovery of approximately $88,000 for goods and services which Zinna provided to Ashton. Ashton filed its answer on October 22, 2007. The answer contained Ashton's jury demand, and stated that "Defendant does not consent to trial in the Bankruptcy Court." *Answer*, p. 4.

On November 2, 2007, Ashton filed a motion for a scheduling conference (the "Motion"), asserting that the Trustee's complaint involves 56 separate invoices involving plumbing services on more than 50 residential properties, and thus discovery could not be completed by the January 3, 2008 discovery deadline contained in the Court's standard scheduling order (which was entered on September 20, 2007). Ashton further asserted that it intended to file a motion for withdrawal of the reference, and that it had been unable to reach an agreement with the Trustee with respect to the terms of an alternate scheduling order. The scheduling conference was set for November 26, 2007. On November 20, 2007, Ashton filed its motion seeking withdrawal of the reference, which was set for hearing on December 20, 2007.

The Court held the scheduling conference on November 26, 2007, and counsel for the Trustee and Ashton appeared. At the conference, the Trustee conceded that Ashton is entitled to trial by jury, and agreed that the United States District Court for the Northern District of Texas ("District Court") should withdraw the reference. Both parties agreed, however, that this Court should preside over pre-trial matters and that the reference should be withdrawn only once this Court

**Report and Recommendation**

adversary proceeding is ready for trial.

Because (i) both parties participated in the scheduling conference and (ii) there is no dispute that the reference should be withdrawn, this Court deems the scheduling conference held on November 26, 2007 to be the status conference required to be held by N.D. Tex. Local Bankruptcy Rule 5011.1. The local rule specifies several factors to be addressed by this Court in connection with its report and recommendation to the District Court on the motion to withdraw the reference. After carefully considering each of those factors, this Court respectfully recommends a withdrawal of the reference once this Court certifies that the parties are ready for trial.

Significantly, the parties agree that the reference must be withdrawn, because Ashton is entitled to a jury trial and this Court cannot conduct such a jury trial without its consent. Because a jury trial right exists and Ashton has not consented to this Court conducting the jury trial, this Court agrees that a withdrawal of the reference of this adversary proceeding is required. *See* 28 U.S.C. § 157(e).

Moreover, consideration of the other factors identified in Local Rule 5011.1 suggests that withdrawal of the reference is appropriate here. No party has requested a stay of the adversary proceeding pending the District Court's decision on the motion to withdraw reference. And, while there is currently a scheduling order in place in the adversary proceeding, the parties are not ready for trial. Finally, non-core issues predominate in this adversary proceeding. The Court has also considered the factors set forth in *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985), and consideration of those additional factors also suggests that withdrawal of the reference is appropriate here.

Withdrawal of the reference will neither enhance nor impair judicial economy, since the District Court is the only forum with the jurisdictional authority to afford the parties their Seventh Amendment right to a trial by jury. Moreover, neither the parties nor the Court have any concern that withdrawal of the reference will encourage forum shopping. Uniformity in bankruptcy administration and an expeditious bankruptcy process may be achieved even if the reference is withdrawn.

For all of these reasons, this Court respectfully recommends that the District Court withdraw the reference of this adversary proceeding once this Court certifies that the parties are ready for trial.

Respectfully submitted this 11th day of December, 2007.

_____
Barbara J. Houser
Chief United States Bankruptcy Judge